UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JULIA F. STARKS                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:08CV-203-S

IVY HILL CORPORATION                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the plaintiff, Julia F. Starks, for leave to file an amended complaint (DN 7) and to remand the case to the Jefferson County, Kentucky, Circuit Court (DN 8).

Starks filed this action in the Jefferson Circuit Court on July 3, 2007 against her employer, Ivy Hill Corporation, and her supervisor in that employment, Mike Adams. She alleged that she was subjected to sex-based discrimination, and to retaliation for complaining about sexual harassment. Starks took the deposition of Adams in March at which time he denied paying any role in the decision to terminate Starks. Adams testified that the decision to terminate Starks was made by "upper management," but he did not know which person or persons made that decision. Adams Depo., pp. 36-37. On April 9, 2008, Starks voluntarily dismissed Adams from the lawsuit. After learning that Adams was apparently not the motivating force behind her termination, she filed the present motion to amend, seeking to add Mike Whitmore, the supervisor who signed her Notice of Disciplinary Action and who actually informed Starks of her termination in a meeting in his office on April 13, 2007.

The defendant, Ivy Hill Corporation, objects to the amendment of the complaint and the motion to remand the action to state court. Ivy Hill, a Delaware corporation with its principal place

of business in New York, removed the action to this court after the dismissal of Adams, a non-diverse defendant. The addition of Whitmore would destroy diversity, as Whitmore is a Kentucky resident. Ivy Hill urges that Stark's proposed amendment is solely for the purpose of defeating diversity. Ivy Hill notes that Starks knew about Whitmore's involvement at the outset of the case, yet did not join him as a defendant until now. However, the circumstances seem to bear out Starks' contention that she intended from the outset to sue her employer and the individual responsible for the alleged retaliation against her. Despite Whitmore's task of notifying Starks that she was terminated, she apparently believed that Adams was the instigator of the decision. As discovery progressed, Adams was dismissed and Starks now avers that Whitmore is the proper defendant.

Ivy Hill urges that Starks does not have evidence that Whitmore retaliated against her. This argument misses the point, at present, however. We are concerned here with whether Starks has been dilatory in seeking amendment. *Curry v. United States Bulk Transport Co.*, 462 F.3d 536 (6th Cir. 2006). We conclude that she has not unduly delayed in seeking to add Whitmore, nor are the claims against him merely ancillary to the action. We find that Starks has articulated a colorable basis for the proposed claims. Therefore the motion for leave to file an amended complaint will be granted.

With the addition of Whitmore as a defendant, the court is divested of jurisdiction and this matter must be remanded.

Therefore, for the reason set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

>1. The motion of the plaintiff, Julia F. Starks, for leave to file an amended complaint (DN 7) is **GRANTED** and the Amended Complaint is ordered **FILED OF RECORD.**
>
>2. The motion of the plaintiff, Julia F. Starks, to remand (DN 8) is **GRANTED** and this matter is **REMANDED TO THE JEFFERSON COUNTY KENTUCKY CIRCUIT COURT, DIVISION THIRTEEN (13), FOR ALL FURTHER PROCEEDINGS.** The Clerk shall transmit the file to the state court upon entry of this order.

- 3 -

**IT IS SO ORDERED.**